IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WAKULLA BANK,<br><br>    Plaintiff,<br><br>v.<br><br>WALTER C. DODSON, SCOTT W. GABY, WILLIAM F. VERSIGA, GERALD D. BRYANT, AND WALTER L. ROBERTS,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 4:13-CV-00416-MW-CAS |

**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL
<u>AND MEMORANDUM IN SUPPORT</u>**

W. Bard Brockman
Florida Bar No. 0868817

BRYAN CAVE LLP
One Atlantic Center, 14th Fl.
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
bard.brockman@bryancave.com

*Counsel for Defendants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

ARGUMENT AND CITATION OF AUTHORITY ............................................................. 3

I.     Legal Standard For Motion To Dismiss................................................................... 3

II.    Plaintiff's Claim for Breach of Fiduciary Duty (Count III) Should Be Dismissed. ........... 4

     A.     The Claim for Fiduciary Breach is Duplicative of the Claims for Breach of the Standard of Care. ................................................................................................... 4

     B.     Plaintiff Does Not Allege Any Facts to Support a Claim for Breach of the Fiduciary Duty of Loyalty. ................................................................................... 5

III.   Plaintiff's Claim for Ordinary Negligence (Count I) Should Be Dismissed. ..................... 6

     A.     Florida's Corporate Code Shields Corporate Directors and Officers from Claims for Ordinary Negligence. ....................................................................................... 6

     B.     Defendants Dodson, Gaby and Versiga Were All Directors, and Plaintiff Fails to Allege That Their Acts and Omissions Were Committed in Their Capacity as Officers. .................................................................................................................. 8

IV.   Plaintiff's Claim For Gross Negligence (Count II) Should Be Dismissed As It Relates To The Approval Of The One New Orleans Place Loan. ....................................................... 9

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 4

*Atherton v. FDIC, as Receiver for City Savings, F.S.B.*, 519 U.S. 213 (1997) .......................... 6, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 3, 4

*Belyea v. Florida Dept. of Revenue*, 859 F. Supp. 2d 1272 (N.D. Fla. 2012) ............................... 4

*Bryant v. Avado Brands Inc.*, 187 F.3d 1271 (11th Cir. 1999) ...................................................... 2

*Central State Transit & Leasing Corp. v. Jones Boat Yard, Inc.*, 206 F.3d 1373
   (11th Cir. 2000) ......................................................................................................................... 9

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................................................... 3

*Davidson v. John Deere & Co.*, 644 F. Supp. 707 (N.D. Ind. 1986) ............................................. 5

*Erickson v. Pardus*, 551 U.S. 89 (2007) ...................................................................................... 4

*FDIC as Receiver for Columbian Bank and Trust Co. v. McCaffree*, D. Kan, 2:11-cv-02447 ...... 3

*FDIC as Receiver for Haven Trust Bank v. Briscoe*, N.D. Ga., 1:11-cv-02303 ............................ 3

*FDIC as Receiver for Mutual Bank v. Mahajan*, N.D. Ill., 1:11-cv-07590 .................................... 3

*FDIC as Receiver for Silverton Bank v. Bryan*, N.D. Ga., 1:11-cv-02791 .................................... 3

*FDIC as Receiver for Westsound Bank v. Johnson*, W.D. Wis., 3:11-CV-5953 ............................ 3

*FDIC v. Brudnicki*, 2013 WL 2145720 (N.D. Fla. May 15, 2013) .................................................. 8

*FDIC v. Florescue*, 2013 WL 2477246 (M.D. Fla. June 10, 2013) ............................................ 8, 9

*FDIC v. Gonzalez-Gorrondona*, 833 F. Supp. 1545 (S.D. Fla. 1993) ................................. 4, 5, 7, 8

*FDIC v. Mahajan*, 2012 WL 3061852 (N.D. Ill. 2012) ................................................................... 4

*FDIC v. Saphir*, 2011 WL 3876918 (N.D. Ill. 2011) ...................................................................... 4

*FDIC v. Stahl*, 89 F.3d 1510 (11th Cir. 1996) ............................................................................... 8

*Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713 (11th Cir. 2012) ........................................ 2

*In re Aqua Clear Technologies, Inc.*, 361 B.R. 567 (Bankr. S.D. Fla. 2007) .............................. 4, 6

*In re Trafford Distributing Ctr., Inc.*, 431 B.R. 263 (Bankr. S.D. Fla. 2010) ............................... 4, 6

*Intercarga Internacional de Carga, S.A. v. Harper Group, Inc.*, 659 So. 2d 1208
   (Fla. 3rd DCA 1995) .................................................................................................................. 6

*Lamke v. Sunstate Equipment Co., L.L.C.*, 387 F. Supp. 2d 1044 (N.D. Cal. 2004) ..................... 5

*Munie v. Stag Brewery,* 131 F.R.D. 559 (S.D. Ill. 1989) ................................................................ 5

*Neitzke v. Williams*, 490 U.S. 319 (1989) ..................................................................................... 3

*Perlow v. Goldberg*, 700 So. 2d 148 (Fla. 3rd DCA 1997) .............................................................. 7

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ....................................................................................... 3

*Sperry Assocs. Fed. Credit Union v. Space Coast Credit Union, CU*, 877 F. Supp. 2d 1227
 (M.D. Fla. 2012) ...................................................................................................................... 10

*Sullivan v. Streeter*, 485 So. 2d 893 (Fla. 4th DCA 1986) ......................................................... 9, 10

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ....................................................................... 3

**Statutes**

Fla. Stat. § 607.0831 ................................................................................................................... 7-9

**Other Authorities**

12 U.S.C. § 1821(k) .................................................................................................................. 6, 8

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 3

Fed. R. Civ. P. 12(f) ....................................................................................................................... 5

NOW COME Defendants Walter C. Dodson, Scott W. Gaby, William F. Versiga, Gerald D. Bryant and Walter L. Roberts and, pursuant to Fed. R. Civ. P. 12(b)(6), move for partial dismissal of Plaintiff's Complaint in this action.

## INTRODUCTION

In the wake of the worst financial crisis since the Great Depression, Plaintiff seeks to affix blame for losses suffered by Wakulla Bank (the "Bank") when certain select borrowers defaulted on their loans in 2008 and 2009. With 20/20 hindsight, Plaintiff takes aim at the Defendants – five former directors of the Bank – for their alleged approval of nine separate loan transactions. Specifically, Plaintiff asserts claims against Defendants in connection with those loan approvals for breach of fiduciary duty, ordinary negligence and gross negligence.

Plaintiff's claims are flawed on their face. First, the fiduciary breach claim is based on the exact same allegations and alleged injury as the negligence-based theories. The duplicative nature of that claim, by itself, warrants its dismissal. That aside, Plaintiff fails to state a claim for fiduciary breach because it has alleged no facts that Defendants violated their duty of loyalty to Wakulla Bank.

Next, Plaintiff's claim for ordinary negligence against the "Officer Defendants" – Dodson, Gaby and Versiga – fails as a matter of law. These three defendants had both officer and director roles at Wakulla Bank, and Florida's statutory version of the Business Judgment Rule at Fla. Stat. § 607.0831 shields them from ordinary negligence claims in both of those capacities. At the very least, Florida law protects these defendants from ordinary negligence claims in their capacity as directors. That alone is sufficient to dismiss the ordinary negligence claim here, particularly since Plaintiff fails to allege that these defendants had acted in their officer capacity when they approved the loan transactions at issue.

1

Finally, Plaintiff's claim for gross negligence against Defendants should be dismissed as it relates to approval of the One New Orleans Place Loan. [*See* Complaint ¶¶ 37-47.] Plaintiff fails to plead any facts that indicate that, at the time that loan was approved, Defendants were aware of circumstances which constituted a "clear and present danger" or that approval of that loan would likely cause injury to the Bank. Consequently, Plaintiff has not pled a plausible claim for gross negligence with respect to that loan transaction.

## BACKGROUND

Wakulla Bank was founded in 1974 and had a proud 36-year history as a state-chartered community bank in Crawfordville, Florida. [Complaint ¶ 17.] It grew slowly from a single-branch *de novo* bank to a local bank with 12 branches across four counties, more than $386 million in deposits and approximately $424 million in total assets.[1]

Wakulla Bank ultimately fell victim to the Great Recession, which devastated the local economy in the Bank's geographic footprint – from Tallahassee to the coastal communities on the Gulf.[2] On October 1, 2010, the Florida Office of Financial Regulation closed the Bank, and the FDIC was appointed as receiver. [Complaint ¶ 34.] Wakulla Bank is just one of nearly 500 banks that have been closed since the beginning of 2008. And it is just one of the 72 banks in Florida alone that have closed during that same timeframe.[3]

---

[1] *See* FDIC Press Release, http://fdic.gov/news/news/press/2010/pr10220.html (last visited September 11, 2013). Under Rule 201, Federal Rules of Evidence, the Court may take judicial notice of, among other things, official public records when considering a motion to dismiss, without converting the motion to one for summary judgment. *See Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999) (taking judicial notice of public records on file with the Securities and Exchange Commission).

[2] The Eleventh Circuit recently commented on the severity of "Florida's real estate market downturn." *See Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713, 729, n. 28 (11th Cir. 2012) ("Of the 20 metropolitan statistical areas with the lowest rates of house price appreciation over the year ending on September 30, 2007, eight were in Florida.")

[3] See FDIC's Failed Bank List, http://fdic.gov/bank/individual/failed/banklist.html (last visited September 11, 2013).

Plaintiff brings this action against five former directors of Wakulla Bank. [Complaint ¶¶ 9-13.] Three of those directors – Dodson, Gaby and Versiga – also held officer positions with the Bank. [*Id*. ¶¶ 9-11.] All five defendants served on the Loan Committee of the Wakulla Bank board of directors. [*Id*. ¶¶ 9-13.]

The claims at issue here relate to Defendants' alleged approval of eight separate loan transactions[4] between October 2003 and October 2006. [Complaint ¶¶ 37, 48, 58, 64, 68, 72, 76, 80.] The borrowers on these loans ultimately defaulted at different times between January 2008 and June 2009, during the height of the recession, resulting in loss to the Bank. [*Id*. ¶¶ 47, 57, 63, 67, 71, 75, 79, 83.] Plaintiff further alleges that Defendants approved a ninth transaction – a $288,000 loan – in February 2009, and that the borrower ultimately defaulted, resulting in a loss of $120,000. [*Id*. ¶¶ 84-88.]

## ARGUMENT AND CITATION OF AUTHORITY

### I. Legal Standard For Motion To Dismiss.

The Supreme Court has established the standard governing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6):

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra* at 555-556 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327; *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

---

[4] Importantly, Plaintiff does *not* allege any of the types of serious misconduct that have been alleged against former directors and officers in other failed bank litigation, like: (1) fraudulent loans, *see FDIC as Receiver for Westsound Bank v. Johnson*, W.D. Wis., 3:11-CV-5953; (2) using bank assets for personal gain, *see FDIC as Receiver for Mutual Bank v. Mahajan*, N.D. Ill., 1:11-cv-07590; (3) extravagant spending and corporate waste, *see FDIC as Receiver for Silverton Bank v. Bryan*, N.D. Ga., 1:11-cv-02791; (4) imprudent insider loans, *see FDIC as Receiver for Haven Trust Bank v. Briscoe*, N.D. Ga., 1:11-cv-02303; and (5) uncontrolled lending due to financial incentives to generate loans, *see FDIC as Receiver for Columbian Bank and Trust Co. v. McCaffree*, D. Kan, 2:11-cv-02447.

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (parallel citations omitted).

Conclusory recitations of the elements of a cause of action are not sufficient to state a claim. *Twombly*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief, *id*. at 555, and it must set forth facts – not mere labels or conclusions – that "render plaintiffs' entitlement to relief plausible." *Id*. at 569, n. 14. A district court thus should grant a motion to dismiss unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belyea v. Florida Dept. of Revenue*, 859 F. Supp. 2d 1272, 1273 (N.D. Fla. 2012), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis in district court opinion).

## II.     Plaintiff's Claim for Breach of Fiduciary Duty (Count III) Should Be Dismissed.

### A.     The Claim for Fiduciary Breach is Duplicative of the Claims for Breach of the Standard of Care.

Under Florida law, corporate directors and officers owe two duties to the corporation – a duty of care and a duty of loyalty. *In re Trafford Distributing Ctr., Inc.*, 431 B.R. 263, 290 (Bankr. S.D. Fla. 2010); *In re Aqua Clear Technologies, Inc.*, 361 B.R. 567, 575 (Bankr. S.D. Fla. 2007). The duty of loyalty is often referred to as the director's and officer's "fiduciary duty." *See FDIC v. Gonzalez-Gorrondona*, 833 F. Supp. 1545, 1549 (S.D. Fla. 1993).

In cases against directors and officers, where a plaintiff predicates a fiduciary breach claim on the same operative facts and injury as a negligence-based claim, the fiduciary breach claim is duplicative and should be dismissed. *See FDIC v. Mahajan*, 2012 WL 3061852, *8-9 (N.D. Ill. 2012); *Gonzalez-Gorrondona*, *supra*, 833 F. Supp. at 1559-1560. *See also FDIC v. Saphir*, 2011 WL 3876918, *9 (N.D. Ill. 2011)(dismissing negligence claims as duplicative of fiduciary breach claims). That is the case here, as Plaintiff's fiduciary breach claim is nothing

more than a restatement of its claims for ordinary and gross negligence. There are no factual allegations unique to the fiduciary breach claim. Rather, the factual allegations supporting the negligence-based theories are *exactly the same* as those supporting the claim for fiduciary breach. Even the alleged instances of fiduciary breach are identical to the alleged instances of negligence and gross negligence. [*See* Complaint *and compare* ¶¶ 91, 96, 101.]

Since the factual allegations and alleged harm in the negligence-based claims are identical to and indistinguishable from those in the fiduciary breach claim, the latter is duplicative and should be dismissed.[5]

### B.  Plaintiff Does Not Allege Any Facts to Support a Claim for Breach of the Fiduciary Duty of Loyalty.

Count III purports to state a claim for breach of the fiduciary duty of loyalty. [*See* Complaint ¶¶ 99-102.] However, all of the averments in that count relate entirely to alleged violations of the duty of care, and not to any alleged violations of the duty of loyalty.

Although the duty of loyalty is "closely intertwined" with the duty of care, the two are separate and distinct. *Gonzalez-Gorrondona*, *supra*, 833 F. Supp. at 1549. Simply stated, the duty of loyalty is the "duty to avoid fraud, bad faith, usurpation of corporate opportunities and self-dealing."[6] *Id*. A corporate director or officer violates the duty of loyalty under Florida law

---

[5] Alternatively, the Court can strike the fiduciary breach claim as "redundant" under Fed. R. Civ. P. 12(f). *See Munie v. Stag Brewery,* 131 F.R.D. 559, 559-560 (S.D. Ill. 1989) (court *sua sponte* struck duplicative claim pursuant to Rule 12(f)); *Lamke v. Sunstate Equipment Co., L.L.C.*, 387 F. Supp. 2d 1044, 1047-1048 (N.D. Cal. 2004) (court struck claim for implied covenant of good faith and fair dealing as duplicative of claim for breach of implied contract); *Davidson v. John Deere & Co.*, 644 F. Supp. 707, 712-713 (N.D. Ind. 1986) (on a Rule 12(f) motion to strike, court dismissed claim for breach of implied warranty as duplicative of products liability claim).

[6] This is consistent with the FDIC's own explanation of the duty of loyalty. In its Statement of Policy Concerning the Responsibilities of Bank Directors and Officers, the FDIC described the duty of loyalty as follows:

> The duty of loyalty requires directors and officers to administer the affairs of the bank with candor, personal honesty and integrity. They are prohibited from advancing their own personal interest or business interests, or those of others, at the expense of the bank.

if he "departs from his corporate responsibility and starts serving himself." *In re Aqua Clear Technologies, Inc.*, *supra*, 361 B.R. at 575, *quoting Intercarga Internacional de Carga, S.A. v. Harper Group, Inc.*, 659 So. 2d 1208, 1210 (Fla. 3rd DCA 1995); *In re Trafford Distributing Ctr., supra*, 431 B.R. at 290.

Here, there are no factual allegations in the Complaint that Defendants acted in their own self-interest at the expense of Wakulla Bank. Nor are there any factual allegations that Defendants committed fraud, engaged in self-dealing or usurped corporate opportunities. In short, Plaintiff has failed to state any facts whatsoever to support a claim for breach of the duty of loyalty. Count III should therefore be dismissed for failure to state a claim.

### III. Plaintiff's Claim for Ordinary Negligence (Count I) Should Be Dismissed.

#### A. Florida's Corporate Code Shields Corporate Directors and Officers from Claims for Ordinary Negligence.

The authority for Plaintiff's suit emanates from 12 U.S.C. § 1821(k), which provides in relevant part:

> A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the [Federal Deposit Insurance] Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation –
>
> (1) acting as conservator or receiver of such institution,
>
> for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.

This statute effectively prohibits the FDIC from asserting claims for ordinary negligence unless state law permits such claims. *See Atherton v. FDIC, as Receiver for City Savings, F.S.B.*,

---

*See* FDIC Statement of Policy, http://www.fdic.gov/regulations/laws/rules/5000-3300.html (last visited September 13, 2013).

519 U.S. 213, 226-231 (1997). Here, Plaintiff's claim for ordinary negligence against defendants Dodson, Gaby and Versiga is barred by Florida's corporate code.

The relevant section in the Florida corporate code is Fla. Stat. § 607.0831(1), which provides in pertinent part:

> A director is not personally liable for monetary damages to the corporation or any other person for any statement, vote, decision, or failure to act, regarding corporate management or policy, by a director, unless:
>
> (a) The director breach or failed to perform his or her duties as a director; and
>
> (b) The director's breach of, or failure to perform, those duties constitutes:
>
> 1. A violation of the criminal law, unless the director had reasonable cause to believe his or her conduct was lawful or had no reasonable cause to believe his or her conduct was unlawful. * * * ;
>
> 2. A transaction from which the director derived an improper personal benefit, either directly or indirectly;
>
> 3. A circumstance under which the liability provisions of s. 607.0834 [unlawful distributions to shareholders] are applicable;
>
> 4. In a proceeding by or in the right of the corporation to procure a judgment in its favor or by or in the right of a shareholder, conscious disregard for the best interest of the corporation, or willful misconduct; or
>
> 5. In a proceeding by or in the right of someone other than the corporation or a shareholder, recklessness or an act or omission which was committed in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

This codification of the Business Judgment Rule requires culpable conduct more severe than ordinary negligence before personal liability for monetary damages attaches. *Perlow v. Goldberg*, 700 So. 2d 148, 149-150 (Fla. 3rd DCA 1997) (dismissal appropriate where there were no allegations that defendants were involved in crime, fraud, willful misconduct or self-dealing). Even conduct rising to the level of gross negligence is not sufficient to overcome the protections from liability in § 607.0831. *Gonzalez-Gorrondona*, *supra*, 833 F. Supp. at 1556 (Florida's

corporate code imposes liability on corporate directors and officers only for acts constituting more than gross negligence).

Although Fla. Stat. § 607.0831 describes the liability of corporate directors, both the Eleventh Circuit and at least one other federal court in Florida have noted that the statute applies equally to corporate officers. *See FDIC v. Stahl*, 89 F.3d 1510, 1516, n. 12 (11th Cir. 1996) ("The Florida legislature passed . . . Fla. Stat.§§ 607.0830, 607.0831 . . . to afford corporate officers and directors greater protection from liability"); *Gonzalez-Gorrondona*, *supra*, 833 F. Supp. at 1556 ("We find that the Florida statute [§ 607.0831] insulates corporate directors and officers"); *but see FDIC v. Brudnicki*, 2013 WL 2145720, *2-3  (N.D. Fla. May 15, 2013).  The defendants on Count I – Dodson, Gaby and Versiga – all served as officers of Wakulla Bank, [Complaint ¶¶ 9-11], and therefore are immune from liability under § 607.0831 for ordinary negligence claims.

      **B.    Defendants Dodson, Gaby and Versiga Were All Directors, and Plaintiff Fails to Allege That Their Acts and Omissions Were Committed in Their Capacity as Officers.**

Even if the Court determines that Fla. Stat. § 607.0831 applies only to corporate directors, and not to officers, Plaintiff's ordinary negligence claim still fails.  Messrs. Dodson, Gaby and Versiga not only served as officers of Wakulla Bank, they also served as directors. [Complaint ¶¶ 9-11.]  Accordingly, they are entitled to the protections set forth in § 607.0831 and are shielded from claims for ordinary negligence.  Nothing in that statute strips those protections from directors simply because they also served as officers of the same corporation. *But c.f., FDIC v. Florescue*, 2013 WL 2477246, *5-6 (M.D. Fla. June 10, 2013) ("[w]hether § 607.0831 extends to an officer-director is an unsettled issue under Florida law").

Further, Plaintiff fails to state a claim for ordinary negligence because it does not allege that any of the acts or omissions supporting that claim were committed by defendants Dodson, Gaby and Versiga *in their capacity as officers*.  Plaintiff cleverly rests on its identification of these three defendants as "Officer Defendants," [Complaint ¶ 1], but nowhere does it specifically state that the acts or omissions supporting the ordinary negligence claim were committed by those defendants in their officer capacity.  Indeed, Plaintiff is hard-pressed to make such an allegation, as its claim for ordinary negligence is based on the ***exact same conduct*** supporting its claim for gross negligence against the "Director Defendants."  If the alleged conduct supporting the gross negligence claim was committed by Defendants in their collective capacity as directors, then it necessarily follows that it cannot have been committed by Dodson, Gaby and Versiga in their officer capacity.  And if these three defendants were acting in their director capacity – as Plaintiff suggests in Count II – then they are expressly immune from ordinary negligence claims under Fla. Stat. § 607.0831.  Absent any specific allegations that Dodson, Gaby and Versiga had acted in their officer capacity, Plaintiff's ordinary negligence claim against these defendants must fail.  *See Florescue, supra*, 2013 WL 2477246 at *4-6 (ordinary negligence claim against officer-director survived motion to dismiss because FDIC specifically alleged that he had acted in his officer capacity when approving loan transactions).

**IV.   Plaintiff's Claim For Gross Negligence (Count II) Should Be Dismissed As It Relates To The Approval Of The One New Orleans Place Loan.**

To state a claim for gross negligence under Florida law, a plaintiff must allege that the defendant had knowledge of the existence of circumstances which constituted a "clear and present danger" and yet still undertook a conscious, voluntary act or omission that was likely to result in injury.  *See Central State Transit & Leasing Corp. v. Jones Boat Yard, Inc.*, 206 F.3d 1373, 1377 (11th Cir. 2000), *citing Sullivan v. Streeter*, 485 So. 2d 893, 895 (Fla. 4th DCA

1986); *Sperry Assocs. Fed. Credit Union v. Space Coast Credit Union, CU*, 877 F. Supp. 2d 1227, 1237 (M.D. Fla. 2012).

Plaintiff's gross negligence claim centers on Defendants' alleged approval of the nine loan transactions identified in the Complaint. [Complaint ¶ 95.] With respect to one of those transactions – One New Orleans Place – Plaintiff pleads no factual allegations that Defendants were aware of circumstances which constituted a clear and present danger prior to approval of that transaction or that approval of that transaction would likely cause injury to the Bank.[7]

According to the Complaint, the One New Orleans Place transaction was approved by the Loan Committee on or about March 3, 2005. [Complaint ¶ 37.] But as Plaintiffs' own allegations reveal, there were no signs of any problems with that transaction until roughly one year later – in March 2006 – when the project experienced construction delays due to structural engineering flaws and architectural problems. [Complaint ¶ 40.] There are no allegations that Defendants anticipated these construction delays at the time they approved the loan. Indeed, the Complaint is completely devoid of any factual allegations that: (i) Defendants knew of a clear and present danger at the time they approved the loan, or (ii) that approval of that transaction was likely to result in injury to the Bank.

Plaintiff may try to salvage its gross negligence claim by highlighting its allegation that approval of the One New Orleans Place loan violated the Loan Policy and safe-and-sound banking practices and that Defendants "knew or should have known" of the risks of approving the transaction. [*See* Complaint ¶ 38.] However, there is nothing in that allegation that ties the alleged violations of the Loan Policy and safe-and-sound banking practices to the existence of

---

[7] For the other eight loan transactions, the factual allegations that *might* support an inference that Defendants knew of a clear and present danger at the time of loan approval, and that approval of those loans would likely cause injury to the Bank, are reed-thin. Defendants do not concede that Plaintiff has stated a gross negligence claim with respect to those transactions, but they do not seek dismissal and will instead file a summary judgment motion at the appropriate time.

any "clear and present danger" that made approval of that loan likely to result in injury.  In other words, Plaintiff offers no factual allegations that suggest approval of the loan in violation of the Loan Policy and safe-and-sound banking practices made it any more likely that the borrower would ultimately default on the loan.  In short, Plaintiff has done nothing more than allege that approval of the One New Orleans Place loan involved some element of risk.  [*See* Complaint ¶ 38.]  That is true of every bank loan, of course.  But it does not suffice to state a claim that Defendants here knew of any clear and present danger at the time they approved the loan, or that approval of the loan would likely result in loss to the Bank.

Plaintiff has not pled the factual content to allow this Court to draw a reasonable inference from the pleadings that Defendants were grossly negligent when they approved the One New Orleans Place loan.  The gross negligence claim should therefore be dismissed with respect to that transaction.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court:

(a)	grant their Motion for Partial Dismissal;

(b)	dismiss Count III of the Complaint in its entirety;

(c)	dismiss Count I of the Complaint in its entirety;

(d)	dismiss Count II of the Complaint to the extent that it relates to the approval of the One New Orleans Place loan transaction; and

(e)	grant Defendants such other and further relief as is necessary and just.

This 27th day of September, 2013.

/s/ W. Bard Brockman
W. Bard Brockman
Florida Bar No. 0868817

        BRYAN CAVE LLP
One Atlantic Center, 14th Fl.
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
bard.brockman@bryancave.com

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WAKULLA BANK,<br><br>    Plaintiff,<br><br>v.<br><br>WALTER C. DODSON, SCOTT W. GABY, WILLIAM F. VERSIGA, GERALD D. BRYANT, AND WALTER L. ROBERTS,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO.  4:13-CV-00416-MW-CAS |

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND MEMORANDUM IN SUPPORT by the Court's CM/ECF system, on the following counsel of record:

>Kenneth R. Hart, Esq.
>David J. Weiss, Esq.
>AUSLEY MCMULLEN
>123 S. Calhoun Street
>Tallahassee, Florida 32301
>Email: khart@ausley.com

and by electronic mail and First Class, U.S. Mail on:

>Antony S. Burt, Esq.
>Valarie Hays, Esq.
>Calida A. Motley, Esq.
>SCHIFF HARDIN LLP
>233 S. Wacker Drive, Suite 6600
>Chicago, Illinois 60606
>Email: aburt@schiffhardin.com
>Email: vhays@schiffhardin.com
>Email: cmotley@schiffhardin.com.

This 27th day of September, 2013.

    /s/ W. Bard Brockman
W. Bard Brockman
Florida Bar No. 0868817
BRYAN CAVE LLP
One Atlantic Center, 14th Fl.
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309

*Counsel for Defendants*

6310648.1